UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMES E. BLAU #214995,

    Plaintiff,

v

ANGELA FORTESCUE, HEIDI WASHINGTON & JOHN DOE, in their individual & official capacity,

    Defendants.

No. 2:16-cv-13971

HON. ARTHUR J. TARNOW

MAG. ELIZABETH A. STAFFORD

| | |
|---|---|
| James E. Blau #214995<br>*In Pro Per*<br>Lakeland Correctional Facility<br>141 First Street<br>Coldwater, MI 49036 | Eric M. Jamison (P75721)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Fortescue and Washington<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI 48909<br>(517) 335-7573<br>JamisonE@michigan.gov |

_____/

**DEFENDANTS WASHINGTON AND FORTESCUE'S
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

As ordered by the Court in its March 27, 2019 order, Defendants Heidi Washington and Angela Fortescue submit this supplemental brief to their May 5, 2017 motion for summary judgment. The pending motion seeks summary judgment based on Plaintiff's failure to exhaust administrative remedies against Ms. Washington as well as a failure to

establish a legally cognizable claim against either Ms. Washington or Ms. Fortescue. The supplemental brief includes a succinct summary of the pending arguments and contains additional arguments to reflect the expert opinion of the nutritionist that was retained to evaluate Mr. Blau's diet. For the reasons in the accompanying brief, Ms. Washington and Ms. Fortescue request the Court to grant summary judgment in their favor.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Eric M. Jamison*
Eric M. Jamison
Assistant Attorney General
Attorney for Defendants
Fortescue and Washington
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

Dated: May 10, 2019

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on May 10, 2019, I directed my assistant to electronically file the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record and a hard copy was placed in First-Class Mail, postage paid, fully addressed as follows:

James E. Blau #214995
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

                      /s/ *Eric M. Jamison*
                      Eric M. Jamison (P75721)
                      Michigan Dep't of Attorney General
                      Assistant Attorney General

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMES E. BLAU #214995,

    Plaintiff,

v

ANGELA FORTESCUE, HEIDI WASHINGTON & JOHN DOE, in their individual & official capacity,

    Defendants.

No. 2:16-cv-13971

HON. ARTHUR J. TARNOW

MAG. ELIZABETH A. STAFFORD

| | |
|---|---|
| James E. Blau #214995,<br>*In Pro Per*<br>Lakeland Correctional Facility<br>141 First Street<br>Coldwater, MI 49036 | Eric M. Jamison (P75721)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Fortescue and Washington<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI 48909<br>(517) 335-7573<br>JamisonE@michigan.gov |

_____/

**DEFENDANTS WASHINGTON AND FORTESCUE'S BRIEF IN SUPPORT OF THEIR SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

                            Dana Nessel
                            Attorney General

                            Eric M. Jamison
                            Assistant Attorney General
                            Attorney for Defendants
                            Fortescue and Washington
                            State Operations Division

                                                        P.O. Box 30754  
                                                        Lansing, MI 48909  
                                                        (517) 335-7573  
                                                        jamisone@michigan.gov  
Dated: May 10, 2019                    P75721

# CONCISE STATEMENT OF ISSUES PRESENTED

1. A prisoner must exhaust his administrative remedies through all steps of the grievance process before filing a complaint under 42 U.S.C. § 1983. "Proper exhaustion" means using all steps that the agency holds out and doing so properly. Plaintiff did not properly exhaust his administrative remedies with respect to Ms. Washington. Should summary judgment be granted in Ms. Washington's favor when plaintiff failed to name Ms. Washington in his grievances?

2. A plaintiff must allege a legally cognizable claim under 42 U.S.C. § 1983. According to an outside expert, plaintiff was provided meal options that were consistent with his hospital discharge instructions. (Although plaintiff's voluntary store purchases were not consistent with the discharge instructions.) Does plaintiff have a viable claim against defendants?

3. To bring an individual capacity claim, plaintiffs must show that the defendants conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. According to an outside expert, plaintiff was provided meal options that were consistent with his hospital discharge instructions. Are defendants entitled to qualified immunity when meal options were provided to plaintiff that were consistent with the hospital discharge instructions?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

1.  **Exhaustion.**

    *Woodford v. Ngo*, 548 U.S. 81 (2006) (Exhaustion requires "proper exhaustion," using all steps that the agency holds out, and doing so properly).

2.  **42 U.S.C. § 1983.**

    *Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994) (A claim under 42 U.S.C. requires a showing of personal involvement in the activity that deprived plaintiff of a right secured by the Constitution or federal law).

3.  **Qualified Immunity.**

    Governmental employees sued in their individual capacities "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Noble v. Schmitt*, 87 F.3d 157, 160-161 (6th Cir. 1996).

## STATEMENT OF FACTS

Plaintiff James E. Blau, a prisoner under the supervision of the Michigan Department of Corrections (MDOC) seeks punitive and compensatory damages, as well as injunctive relief and attorney fees, in connection with his civil rights claim under 42 U.S.C. § 1983.  Plaintiff alleges cruel and unusual punishment and medical indifference in contravention of the Eighth Amendment of the United States Constitution.  (Compl. R.1, PageID.3, ¶¶7-9.)  At all times relevant to this Complaint, Plaintiff was incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan.  (*Id.* at ¶ 10.)

In July 2016, plaintiff underwent heart surgery and when he was discharged from the hospital, he was given a discharge diet of "sodium 2000 mg, no caffeine, low cholesterol, low fat."  (Compl. R.1, PageID.3 ¶1; R.17, PageID.276.)  When he returned to the correctional facility, he was instructed to choose items from the standardized menu that were consistent with his hospital discharge instructions.  (Compl. R.1, PageID.2-3 ¶6.)

On July 25, 2016, plaintiff filed a grievance against "all JCF medical staff, Corizon/MDOC and all parties involved in executing the

1

doctor's plans and ordering . . ." related to an alleged failure to provide him the recommended diet. (R.11-4, PageID.80.) Ms. Washington, the director of MDOC, was not named in the grievance and is not medical staff, or directly involved in executing the doctor's orders. (*Id.*) The grievance was appealed to step III and denied. (R.11-4, PageID.77.)

On August 9, 2016, plaintiff filed another grievance, but this time it was against "Angela Fortescue, Corizon, MDOC and all medical personnel responsible for denying the cardiologist prescribed therapeutic diet" and was also related to the alleged failure to provide him the recommended diet. (R.11-4, PageID.85.) Again, Ms. Washington was not named in the grievance, is not medical staff and had no direct involvement with the meal choices provided to plaintiff. (*Id.*) The grievance was appealed to step III and denied. (R.11-4, PageID.82.)

On August 9, 2016, Ms. Washington purportedly received an email related to plaintiffs' dietary needs from someone alleging to be the wife of plaintiff. (R.13, PageID.191.) (only part of the email was included in the record, and the authenticity has not been verified.) According to the email, Ms. Washington referred the matter to the Health Care

2

Administrator Lia Gulick, who provided a response. (*Id.*) Contrary to the assertions in plaintiffs supplemental brief, Ms. Washington was not personally involved in investigating the complaints made by plaintiffs' wife or providing a response to plaintiff's wife. (R. 65, PageID.797.) Ms. Washington was merely copied on the email response from Lia Gulick. (R. 13, Page.ID.191.)

It does not appear that plaintiff filed a grievance related to Ms. Washington's only involvement in matter.

**The lawsuit and proceedings**

Plaintiff filed suit against Ms. Washington and Ms. Fortescue in their individual and official capacities. (Compl. R.1, PageID.1.) They were served in March 2017. (R.8, PageID.20; R.9, PageID.23.) In response to the lawsuit, Ms. Washington and Ms. Fortescue filed a motion for summary judgment asserting that: (1) plaintiff failed to exhaust, (2) that Ms. Washington was not personally involved and thus is not a legally cognizable claim, and (3) qualified immunity bars any claims. (R.11, PageID.26-48.)

There were numerous motions filed, and the Court made various attempts to settle the matter between the parties. Ultimately, without

3

deciding the pending motion for summary judgment, the Court ordered that plaintiff be provided "a vegan diet containing items that are low in fat and cholesterol, and that together, account for less than 2,000 milligrams of sodium per day" and closed the case. (R.34, PageID.547.) The matter was appealed to the Sixth Circuit and the district court order was vacated and remanded for further proceedings.

Upon remand, the Court held a status conference and directed defendants to retain a nutritional expert to evaluate plaintiffs' diet to determine whether it met the discharge instructions. With the Court's approval, the defendants retained Dr. Alaimo from Michigan State University to conduct the evaluation. (R.61, PageID.774-776.)

**The expert report**

Dr. Alaimo conducted a thorough evaluation of the diet provided to plaintiff to determine whether it met the hospitals discharge instructions. (Ex. A, Alaimo Report.)

She made the following conclusions:

(1) All meals are vegan and contain zero cholesterol;
(2) All meals provide less than 2000 mg of sodium;
(3) All meals contain no caffeine;
(4) All meals meet the FDA definition of low fat, but do not meet other definitions of low fat; and

4

 (5) The majority of plaintiff's store purchases did not align with the discharge instructions and when combined with his other meals were not low-fat, low cholesterol, or low sodium.

## ARGUMENT

**I. Plaintiff failed to exhaust against Ms. Washington.**

Exhaustion of all available administrative remedies is a prerequisite for maintaining any claim against a named defendant in this lawsuit. This requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and grounded in the plain language of the Prisoner Litigation Reform Act, which states, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. [42 U.S.C. § 1997e(a)]

The requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes" and regardless of the wrong alleged. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust all administrative remedies with respect to one claim, warrants summary judgment in any Defendant's favor for whom he did not exhaust his administrative remedies and with respect to any claim for which this is true. *Jones v. Bock*, 549 U.S. 199, 219-24

5

(2007). The MDOC policy regarding exhaustion was already set forth in defendants' motion for summary judgment and will not be repeated here but requires prisoners to first, attempt to resolve the issue with the staff member involved prior to writing a grievance and second, to specifically name "all of those involved in the issue being grieved." (R.11, PageID.35-36.)

The requirements set forth in the MDOC policy serve the purposes for exhaustion as recognized by the United States Supreme Court. With respect to the requirement that each individual involved be named in the Step I grievance report, the Sixth Circuit has recognized that this requirement "furthers the[] objectives of exhaustion," *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010), including allowing "prison officials a 'fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Id.*

A claim alleging a civil rights violation under 42 U.S.C. § 1983 requires a showing that a Defendant: "(1) deprived him of a right secured by the 'Constitution and laws of the United States,' (2) while

6

acting under color of state law." *Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994) (internal citations omitted). To establish a claim for monetary damages against an individual defendant, Plaintiff must present facts supporting a finding that the defendant was personally involved in the alleged constitutional violation. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Smith v. Heyns*, 2013 U.S. Dist. LEXIS 108122 (E.D. Mich. July 31, 2013).

### A. The grievances failed to mention Ms. Washington.

Plaintiff filed two relevant grievances. The first was on July 25, 2016 and the second was on August 9, 2016. (R.11-4, PageID.80., and R.11-4, PageID.85.) Neither mentioned Ms. Washington by name, title, or any other identifying information that would have given her a fair opportunity to address the grievance. (*Id.*) There is no evidence to suggest that plaintiff was unaware of the MDOC Directors name, which may have prevented him from specifically identifying her in the grievance. There is no evidence in the record to suggest that plaintiff attempted to resolve the issue with Ms. Washington prior to writing a grievance.

The July 25, 2016 grievance identified "all JCF medical staff, Corizon/MDOC and all parties involved in executing the doctor's plans and ordering . . .". (R.11-4, PageID.80.) The Director of MDOC had no personal involvement in July 2016 related to executing the doctors plans and ordering.

The August 9, 2016 grievance specifically identified "Angela Fortescue, Corizon, MDOC and all medical personnel responsible for denying the cardiologist prescribed therapeutic diet." (R.11-4, PageID.85.) Again, there was no mention of the Director, and there is no evidence to suggest that the Director had any personal involvement in the alleged denial of the prescribed therapeutic diet. Consequently, plaintiff did not attempt to resolve the issue with Ms. Washington before filing the grievance. Accordingly, plaintiff failed to properly exhaust his administrative remedies before filing suit against Ms. Washington and Ms. Washington should be dismissed from the suit.

Furthermore, the only information in the record related to the Director's knowledge of the situation was an email that was purportedly sent from plaintiffs' wife on August 9, 2016, which is the same day that the second grievance was filed. (R.13, PageID.191.) Supervisory

8

authority over staff that made the decision related to plaintiffs request for a modified diet is not enough to establish personal involvement, and personal involvement is required to maintain a claim against Ms. Washington. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). Consequently, Ms. Washington should be dismissed from the case.

Simply naming the "MDOC" in the grievance is not sufficient to specifically identify everyone involved to provide them with notice of the grievance. Such an approach negates the identification requirement and is the same as identifying no one.

## II. Ms. Washington and Ms. Fortescue are entitled to qualified immunity.

Employees of the Michigan Department of Corrections sued in their individual capacities "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996). "For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would

9

understand that what he is doing violates that right." *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003).

As has already been briefed in the earlier motion for summary judgment, Ms. Fortescue did not disregard plaintiffs' medical needs. (R.11, PageID.46-47.) She evaluated the instructions provided by outside medical providers and determined that plaintiffs' dietary needs could be met by choosing healthy options off the regular meal line. (R.11-2, PageID.51-56.) Aside from plaintiffs' own assertions, there is no evidence to support the conclusion that plaintiffs' dietary needs could not be met by selecting healthy options from the regular meal line.

After this Court's intervention, plaintiff was provided with a vegan diet, which was evaluated by Dr. Alaimo, an outside nutritional expert to determine whether the vegan diet was consistent with the discharge instructions of outside medical providers. (R.34, PageID.547.) Dr. Alaimo concluded that the vegan diet met the discharge instructions of the medical providers, however, the store purchases made by plaintiff of fatty foods, salty snacks and meat products did not align with the discharge instructions. (Ex. A.) In other words, plaintiff is alleging that Ms. Fortescue and Ms. Washington are being deliberately

10

indifferent to his serious medical needs by not providing him with a low fat, low cholesterol, low sodium diet, but he is not personally making choices that are consistent with the discharge instructions of his medical providers. (Compl. R.1, PageID.3, ¶¶2-7.)

Two nutritionists, an MDOC nutritionist and an outside nutritional expert, have concluded that various meal options available to plaintiff meet his dietary needs. (R.11-2, PageID.51-56; and Ex. A.) There does not appear to be any basis to conclude that either Ms. Fortescue or Ms. Washington were violating a clearly established statutory or constitutional right of plaintiff. Accordingly, the motion for summary judgment should be granted in favor of defendants.

## CONCLUSION AND RELIEF REQUESTED

This Court should grant summary judgment in favor of both Ms. Washington and Ms. Fortescue. Plaintiff's claims against Ms. Washington should be dismissed because plaintiff failed to exhaust administrative remedies with respect to these claims. In addition, the mere allegation of her "personal knowledge" is both insufficient to state a claim under Section 1983 and is not supported by the record.

11

Furthermore, plaintiff has failed to allege a claim for deprivation of his Eighth Amendment rights, and any claim thereof is refuted by the record. Finally, defendants are entitled to qualified immunity for the claims at issue here.

          Respectfully submitted,

          Dana Nessel
          Attorney General

          */s/ Eric M. Jamison*
          Eric M. Jamison
          Assistant Attorney General
          Attorney for Defendants
          Fortescue and Washington
          State Operations Division
          P.O. Box 30754
          Lansing, MI 48909
          (517) 335-7573
          jamisone@michigan.gov

Dated: May 10, 2019           P75721

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on May 10, 2019, I directed my assistant to electronically file the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record and a hard copy was placed in First-Class Mail, postage paid, fully addressed as follows:

          James E. Blau #214995,
          Lakeland Correctional Facility
          141 First Street
          Coldwater, MI 49036

/s/ *Eric M. Jamison*
Eric M. Jamison (P75721)
Michigan Dep't of Attorney General
Assistant Attorney General

13